UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SQUAW VALLEY DEVELOPMENT COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1301 (JDB) |
| JON W. DUDAS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

_____

**DEFENDANT'S CONSENT MOTIONS TO TRANSFER
AND FOR AN EXTENSION OF TIME TO ANSWER
OR OTHERWISE RESPOND TO THE COMPLAINT**

Defendant Jon W. Dudas, in his official capacity as Director of the United States Patent and Trademark Office, respectfully moves to transfer this case to the Eastern District of Virginia, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a). Defendant also moves to extend the time to answer or otherwise respond to the complaint subsequent to transfer of the case. In support of these Motions, defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities. A proposed Order is attached.

Plaintiff has consented to all the relief requested.

Respectfully submitted,

___/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

___/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
CHARLOTTE A. ABEL, D.C. BAR # 388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-2332

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SQUAW VALLEY DEVELOPMENT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1301 (JDB) |
| | ) | |
| JON W. DUDAS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO TRANSFER
AND MOTION TO EXTEND TIME TO ANSWER
OR OTHERWISE RESPOND TO THE COMPLAINT**

Plaintiff has brought this action complaining of actions by the United States Patent and Trademark Office ("USPTO") and its Trademark Trial and Appeal Board of the United States Patent & Trademark Office ("TTAB"), in which plaintiff alleges TTAB abruptly and erroneously reversed its earlier decision that plaintiff is entitled to registration of two trademark registrations SQUAW and SQUAW ONE. Compl. at ¶ 1. However, the actions plaintiff complains of did not happen in the District of Columbia, and plaintiff resides in Olympic Valley, California, not in this district. Compl. at ¶ 3. Moreover, the USPTO's principal offices are in Alexandria, Virginia, which is in the Eastern District of Virginia, not this district. Congress specifically has directed, in 35 U.S.C. § 1(b), that the USPTO shall be deemed for civil venue purposes "to be a resident of the district in which its principal office is located." Accordingly, the general venue statute, 28 U.S.C. § 1391(e), bars plaintiff from proceeding with his lawsuit in this district. The

Court should transfer this action to the Eastern District of Virginia pursuant to 28 U.S.C.

§ 1404(a) or 1406(a).

## BACKGROUND

The United States Attorney's Office for the District of Columbia was served with Plaintiff's Summons and Complaint on July 24, 2006.  Thus, Defendant's answer is due by September 22, 2006.

Plaintiff's Complaint alleges this is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*., in that the TTAB's decision refusing to register plaintiff's marks SQUAW and SQUAW ONE pursuant to 15 U.S.C. sec. 1052(a) in connection with certain goods and services is erroneous, arbitrary and capricious, and a violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.  Compl. ¶5.

For many years, the principal office of the USPTO has been located in the Eastern District of Virginia, first in Arlington, Virginia, and more recently in Alexandria, Virginia.  See www.uspto.gov; In re Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C. Cir. 2003) (holding, pursuant to 35 U.S.C. § 1(b), "[b]ecause the PTO's principal office is located in the Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia."); Boundy v. USPTO, No. 01-879, 2002 WL 32166534, at *2 (D.D.C. 2002) (holding 35 U.S.C. § 1(b) "is an explicit statute that vests residence of the agency in the Eastern District of Virginia").

**ARGUMENT**

**I.    THIS ACTION SHOULD BE TRANSFERRED FOR IMPROPER VENUE.**

It is well established that plaintiff bears the burden of showing the Court that the forum it

has chosen constitutes the proper venue for the action.  See, e.g., Freeman v. Fallin, 254 F.

Supp.2d 52, 56 (D.D.C. 2003).  Plaintiff claims that venue is proper in this district pursuant to 28

U.S.C. § 1391(b)(2).  Compl. at ¶ 6.  That provision is not applicable to the federal government.

The applicable venue provision is 28 U.S.C. § 1391(e).  Section 1391(e), provides that an action

not involving property that is brought against the United States, an agency of the United States,

or an officer or employee of the United States or one of its agencies acting in his or her official

capacity, may be brought only where:  (1) "a defendant in the action resides"; (2) "a substantial

part of the events or omissions giving rise to the claim occurred"; or where (3) "the plaintiff

resides."[1]

The District of Columbia does not meet any of Section 1391(e)'s three conditions for

venue.  Taking the conditions in reverse order, first, plaintiff resides in California, not here.

Second, plaintiff is complaining about actions of the USPTO that occurred in the Eastern District

of Virginia.  The USPTO's principal office is in Alexandria, Virginia, and that is where all of

---

[1] Section 1391(e) does permit another venue (or jurisdiction) provision to control if it is
"otherwise provided by law."  28 U.S.C. § 1391(e).  Examples of such other specific statutes
include: Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3); 35 U.S.C. § 32 (granting
jurisdiction for this Court with regard to hearing appeals of attorney discipline issued by the
USPTO); 35 U.S.C. § 145 (granting jurisdiction in this Court to review a USPTO Board of
Patent Appeals and Interferences decision); and 35 U.S.C. § 146 (granting jurisdiction in this
Court in a USPTO patent interference when the adverse parties are from different States or the
adverse party is from a foreign country).  See Boundy v. USPTO, No. 01-879, 2002 WL
32166534, at *2 (D.D.C. 2002) (generally discussing the meaning of "otherwise provided by
law").  None of these provisions are implicated in this case.

- 3 -

USPTO's trademark examiners are located, where the USPTO's trademark registration takes place, and where the Director of the USPTO and the Commissioner of Trademarks reside for venue purposes.  See 35 U.S.C. § 1(b).  See also In re Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C. Cir. 2003) (holding, pursuant to 35 U.S.C. § 1(b), "[b]ecause the PTO's principal office is located in the Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia."); Boundy v. USPTO, No. 01-879, 2002 WL 32166534, at *2 (D.D.C. 2002) (holding 35 U.S.C. § 1(b) "is an explicit statute that vests residence of the agency in the Eastern District of Virginia"); www.uspto.gov.  The only possible nexus with this district is that, to the extent that Plaintiff is challenging the constitutionality of a statutory provision, Congress itself is in Washington, D.C.  However, Congress specifically has directed that venue for actions against the USPTO lies in the Eastern District of Virginia.  35 U.S.C. § 1(b).  To base venue on the mere fact that Congress passed a statutory provision in this district would undermine Congress' intent in enacting 35 U.S.C. § 1(b) and 28 U.S.C. § 1391(e) and allow any federal question to proceed in this district.

Third, neither the USPTO nor any Defendant resides in this district.  In fact, the USPTO does not maintain any offices in this district.  www.uspto.gov.  Congress expressly provided that:

> The United States Patent and Trademark Office shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located, except where jurisdiction is otherwise provided by law.

35 U.S.C. § 1(b).[2]  The USPTO's principal office is in Alexandria, Virginia in the Eastern District of Virginia and the USPTO has no offices in the District of Columbia.  See www.uspto.gov.  Plaintiff's Complaint does not identify any specific allegation or reason for

---

[2] See note 1 supra for a discussion of the phrase "otherwise provided by law."

venue to lie in this district.  To the contrary, Plaintiff's Complaint states that the Defendant

resides in Alexandria, Virginia, Compl. ¶ 4, and complains about conduct of the USPTO.

      The Director of the USPTO's office is physically located at 600 Dulany Street,

Alexandria, Virginia, 22313.  Plaintiff contends that the Defendant's principal place of business

is in Alexandria, Virginia.  Compl. ¶4.  Both of these locations are in the Eastern District of

Virginia.  Moreover, treating the Director of the USPTO as resident in this district would again

be inconsistent with the provision in 35 U.S.C. § 1(b) that the organization he leads "shall be

deemed" to be resident where "its principal office is located," that is, in the Eastern District of

Virginia.  Plaintiff is suing the Director in his official capacity, so he should be deemed to reside

in the same place as his office.

## II.  EVEN IF VENUE WERE PROPER IN THIS DISTRICT, THIS CASE SHOULD BE TRANSFERRED FOR CONVENIENCE AND IN THE INTEREST OF JUSTICE.

      The preceding argument demonstrated that venue is not proper in the District of

Columbia and accordingly this case must be transferred pursuant to 28 U.S.C. § 1406(a).  In the

alternative, if the Court should determine that venue is proper here, this case should nevertheless

be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a).  That provision

authorizes the Court to transfer a case under three conditions: (1) there is another judicial district

in which the action properly may have been brought; (2) the convenience of the parties and

witnesses would be better served in the alternative district; and (3) transfer is in the interest of

justice.  See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16,

1996).  Each condition is satisfied in the present case.

Plaintiff could properly have brought this action in the Eastern District of Virginia, where the USPTO resides, pursuant to the first prong of the venue statute in § 1391(e).

Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Eastern District of Virginia. "Although plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." See Claasen at *6. The express terms of 35 U.S.C. § 1(b) evince Congressional intent that the USPTO be treated for venue purposes as resident where its principal office is located, which is in the Eastern District of Virginia. Moreover, the trademark applications plaintiff is concerned about were filed and are pending in the Eastern District of Virginia. In contrast, there appears to be no connection between plaintiff's claims and this district. Plaintiff resides in California. The witnesses and materials related to this case are found in the Eastern District of Virginia. Plaintiff, as a California corporation, will not be in any way disadvantaged by transferring this case to the Eastern District of Virginia.

## III.    DEFENDANT SEEKS ADDITIONAL TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT.

Defendant requests additional time to answer or otherwise respond to the complaint. The grounds for the motion are that some additional time will be necessary to accomplish administrative tasks related to transfer of the case file. New defense counsel will be assigned to the case upon its transfer. Upon receipt of the file, new counsel will need an opportunity to familiarize himself or herself with its contents and to confer with agency counsel. Thereafter, he or she will need additional time in order to draft a responsive pleading or dispositive motion. For

these reasons, defendant moves for an additional 60 days following entry of a transfer order, to

answer or otherwise respond to the complaint.

## CONCLUSION

The Court should transfer this case to the Eastern District of Virginia, and allow 60 days

for defendant to answer or otherwise respond to the complaint.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRRAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
CHARLOTTE A. ABEL, D.C. BAR # 388582
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-2332